*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 3, 2020

Plaintiff-Appellee,

v

No. 346738
Wayne Circuit Court
LC No. 18-002763-01-FC

DOMINIQUE TEAL HYMAN,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and KELLY and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of fleeing and eluding a police officer (fleeing and eluding), MCL 257.602a(2). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 46 months to 15 years' imprisonment. We affirm.

## I. FACTS

In January 2018, a man wearing a black ski mask, a cap on his head, and gloves robbed a T-Mobile store in Detroit, Michigan, by pointing a gun at the two employees. A T-Mobile Loss Prevention Manager obtained the International Mobile Equipment Identification Numbers[1] (IMEI) that were linked to the 17 stolen cellular telephones. The T-Mobile Loss Prevention Manager entered the IMEIs into a system which monitors the cellular network for those IMEIs and sends an alert if any of the cellular telephones are activated. Two of the stolen telephones were activated and the telephone numbers for two of the telephones were identified. The T-Mobile Loss Prevention Manager provided police with the certified record listing the telephones that had been stolen and which telephones had been activated. Detroit Police Department (DPD) Detective Edwardo Torres entered the telephone numbers into a database and determined that one of the identified telephone numbers belonged to defendant. Detective Torres searched defendant's name in a criminal database which showed that defendant was on parole and that he resided on Western

---

[1] According to the T-Mobile Loss Prevention Manager, an IMEI is "basically a serial number that is attached to every mobile phone. It is a unique identifier for that phone."

Street in Detroit, Michigan. Detective Torres contacted defendant's parole officer and confirmed defendant's address and telephone number. On the basis of this information, Detective Torres obtained a search warrant for defendant's residence.

In February 2018, Detective Torres executed the search warrant for defendant's residence and police recovered two boxes of cellular telephones, a black pistol, and a bag that contained a black ski mask and gloves. Before police executed the search warrant, DPD Officer Jordan Grace observed defendant leave his home and drive away in a Dodge Caliber. Officer Grace informed Officer Randolph Sturley that defendant was wanted and driving northbound on Western Street. Officer Sturley identified the Dodge Caliber and initiated a traffic stop. Defendant pulled over to the side of the road and as Officer Sturley approached the Dodge Caliber, he saw defendant's face in the side and rear view mirrors. As Officer Sturley approached defendant's vehicle from the rear, defendant "took off at a high rate of speed."

Defendant was later arrested and charged with two counts of armed robbery, MCL 750.529, one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f; three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; one count of carrying a concealed weapon (CCW), MCL 750.227; and one count of fourth-degree fleeing and eluding a police officer (fleeing and eluding), MCL 257.602a(2).

At the pretrial hearing, defense counsel entered into a stipulation which established that for purposes of the felon-in-possession charge, defendant previously had been convicted of a felony. At the pretrial hearing, the prosecution stated that it planned to call defendant's parole officer as a witness, in order to question him about the address and telephone number defendant had provided. The prosecution also stated it did not intend to ask the parole officer about the crime for which defendant was on parole and that there was no prejudice in allowing the parole officer to testify because defendant had stipulated to having a previous felony. Defense counsel agreed that the information was relevant and made no objection to defendant's parole officer being called as a witness.

After hearing the evidence, the jury found defendant guilty of fleeing and eluding and informed the court that they were deadlocked on all other counts. The trial court declared a mistrial on the remaining counts. Defendant now appeals.

II. ANALYSIS

Defendant argues that his defense counsel was ineffective for failing to object to the introduction of testimony of defendant's parole officer. Defendant additionally argues that defense counsel erroneously stipulated to the disclosure of defendant's parolee status. We disagree.

A. PRESERVATION

To properly preserve a claim of ineffective assistance of counsel, a defendant must move either for a new trial or a *Ginther*[2] hearing in the trial court; failure to make any such motion

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"ordinarily precludes review of the issue unless the appellate record contains sufficient detail to support the defendant's claim." *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-689; 620 NW2d 19 (2000). Defendant failed to move for a new trial or a *Ginther* hearing. Thus, these issues are unpreserved.

## B. STANDARD OF REVIEW

Unpreserved issues are normally reviewed for plain error. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). Regardless of whether a claim of ineffective assistance is otherwise properly preserved, if the trial court did not hold a *Ginther* hearing, "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). "Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012).

## C. ANALYSIS

## 1. RELEVANT EVIDENCE

Generally, "[a]ll relevant evidence is admissible[.]" MRE 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Even where evidence is considered to be relevant, the evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." MRE 403. However, MRE 403 does not regulate evidence that is simply "prejudicial" because "[r]elevant evidence is inherently prejudicial." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995) (internal quotations omitted). Rather, "[i]t is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded." *Id*. An analysis of unfair prejudice takes into consideration whether the proposed evidence will "adversely affect the objecting party's position by injecting extraneous consideration" such as jury "bias, sympathy, anger, or shock." *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005).

At trial, defendant's trial attorney failed to object to the testimony of defendant's parole officer about where defendant lived at the time of the offense. After the robbery, four of the stolen telephones were activated. After the telephones were activated, the T-Mobile Loss Prevention Manager identified the telephone numbers associated with those devices, and provided Detective Torres with this information. Detective Torres entered this information into a criminal history database which showed defendant's telephone number was a match to one of the telephone numbers associated with two of the stolen devices. Detective Torres knew that defendant resided on Western Street and that defendant was on parole. Detective Torres contacted defendant's parole officer to confirm defendant's address and telephone number, and on the basis of this information, Detective Torres obtained a search warrant for defendant's home.

Defendant concedes that his address and telephone number were relevant to the case; however, defendant argues that his address and telephone number could have been introduced at

trial by stipulation. Defendant argues that a stipulation would have avoided any unfair prejudice stemming from his parole officer's testimony, because the jury would not have known defendant was on parole. "The danger in revealing a defendant's parolee status is that a jury will recognize that the defendant had previously been convicted of a crime. . . ." *People v McDonald*, 303 Mich App 424, 436; 844 NW2d 168 (2013). We agree with defendant that the evidence is relevant since the police contacted defendant's parole officer to confirm his address in order to obtain a search warrant. Further, defendant entered into a stipulation that he previously had been convicted of a felony for purposes of the felon-in-possession count. Therefore, information establishing that defendant previously had been convicted of a crime was minimally prejudicial because "[t]he jury knew that defendant had a prior felony because he was charged with being a felon in possession of a firearm and because the parties stipulated that defendant had a prior felony conviction." *Id.* Because the evidence was relevant, any objection based on relevance grounds would have been futile. Thus, defendant's trial counsel was not ineffective for failing to object to the testimony of defendant's parole officer. See *People v Chambers*, 277 Mich App 1, 11; 742 NW2d 610 (2007) ("Counsel is not ineffective for failing to make a futile objection.").

## 2. INEFFECTIVE ASSISTANCE

A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. . . ." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

The "reasonable probability" standard can be satisfied by less than a preponderance of the evidence. *Trakhtenberg*, 493 Mich at 56.

The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004), citing *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant "is not entitled to the most canny lawyer available, only an adequate one." *United States v Morrow*, 977 F2d 222, 230 (CA 6, 1992) (en banc) (citation omitted). "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Thus, there is a "strong presumption that trial counsel's performance was strategic," and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy[.]" *Id.* at 242-243.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act

> or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. [*Strickland*, 466 US at 689 (citation omitted).]

"Yet a court cannot insulate the review of counsel's performance by calling it trial strategy." *Trakhtenberg*, 493 Mich at 52. "The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). Accordingly, the reviewing court must consider the range of potential reasons that counsel might have had for acting as he or she did. *Id*.

Here, defendant's status as a parolee was relevant because Detective Torres was able to confirm defendant's address and telephone number through information defendant had provided to his parole officer. Due to the stipulation, which itself was less prejudicial than proof of a previous felony, the jury already was aware that defendant previously had been convicted of a felony. Additionally, prior to any evidence being presented at trial, the jury was instructed that an element of the charge of felon in possession was that defendant previously had been convicted of a felony. The trial court also gave a limiting instruction, specifically telling the jury that any testimony regarding the fact that defendant was on parole was to be used only for the very limited purpose of establishing defendant's address and phone number. It is axiomatic that jurors are presumed to follow their instructions." *People v Gayheart*, 285 Mich App 202, 210; 776 NW2d 330 (2009). Further, at the pretrial hearing, defense counsel raised no objection to defendant's parole officer testifying at trial as long as the prosecution did not elicit any testimony regarding the specific crime for which defendant was on parole. Because defendant's status as a parolee was relevant, the fact that the parties' stipulated to the admission of defendant's status as a convicted felon, and given the jury instructions, the admission of this testimony was not unduly prejudicial. Defendant has failed to make a sufficient showing that the result of his trial would have been different if defense counsel had objected to the parole officer's testimony or not stipulated to the disclosure of defendant's parolee status.

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. [*Strickland*, 466 US at 697.]

Because defendant could not have been prejudiced by his trial counsel's failure to object to the testimony, or by his trial counsel's stipulation to defendant's parolee status, he received the effective assistance of counsel at trial.

## III. CONCLUSION

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel